## CIRCUIT COURT OF THE CITY OF RICHMOND

Vernon Thompson

    v.

Robertshaw Controls Co.

May 17, 1990

Case No. LR-2999-3

By JUDGE T. J. MARKOW

This case is before the court on the defendant's motions to abate and transfer. Plaintiff claims to have been injured when a substance he was working with boiled over and burned him. He claims the boilover to be the result of defective equipment manufactured by defendant.

The incident occurred in Sussex County. Suit was filed and was pending in the Circuit Court of Sussex County when this motion for judgment was filed. Plaintiff submitted a sketch for an order of nonsuit of the Sussex action which was entered within days of the filing of the motion to abate.

Defendant asks that the matter be dismissed because of the filing of the actions in Sussex, and if not, that it be transferred to the Sussex County Circuit Court because that is a more· convenient forum to the parties and the witnesses.

Regarding the abatement, defendant claims and cites authority holding that pendency of two actions requires the court to dismiss the second action filed. Plaintiff contends that he is entitled to an election. The court is of the opinion that the purpose of abatement is to

prevent the defendant from having to defend the same action more than one time and that plaintiff's nonsuit of the Sussex action accomplishes that objective. This court will not apply a hypertechnical rule resulting in the dismissal of this action solely because there was another suit pending at the time the motion to abate was filed, thereby requiring the plaintiff to file a third suit. That would make little sense and certainly would not promote efficiency or economy. Accordingly, the motion to abate will be overruled.

Defendant makes a stronger case for transfer but, in the court's opinion, not strong enough to establish "good cause" as required under Va. Code Ann. § 8.01-265.

Counsel represented that four witnesses live in and around Sussex County. The treating physicians reside in and around the City of Norfolk. These people will be substantially inconvenienced by having to travel to the City of Richmond for trial and for the taking of depositions. Sussex County, which lies between Richmond and Norfolk, is a forty-five to sixty minute drive by automobile to Richmond. Consequently, each of the above-mentioned witnesses will be required an additional one and one-half to two hours of travel time if the case is tried in this court as opposed to the Sussex Circuit Court. As depositions must be taken in the circuit in which the case is pending, or one in an adjoining one, further inconvenience is imposed on the witnesses. (While not presented to the court, it takes notice that depositions of the physicians will probably take place in their offices in Norfolk). A view is probably unnecessary.

Plaintiff claims and defendant does not dispute that the crucial issues in this case will be addressed by expert witnesses, at least two of whom are located in the City of Richmond, and others who probably will be flown in. Because of the convenience to air transportation in Richmond and the location of two expert witnesses in Richmond, this court is substantially more convenient to the experts than would be the Sussex Circuit Court. Because the cost of expert witnesses is generally based upon their time, their participation in the case if pending in this court would most likely result in significantly lower costs to the parties than if the case were in the Sussex County Circuit Court.

The issue, then, is whether the substantial inconvenience to the lay and physician witnesses is outweighed by, or is equivalent to, the convenience of this forum to the expert witnesses. The court finds that the inconvenience to the three classes of witnesses are substantially equal. Because the evidence does not balance strongly in favor of either category of witness, the court fails to find good cause for a transfer.

Plaintiff asserts as a factor that this court has prior experience with the trials of cases of other persons who were injured in the same incident as the plaintiff. The court attributes little or no weight to this factor. This case is not to be tried together with other cases. A different jury will hear this case. Perhaps a different judge will hear this case. This circuit's prior involvement with this incident will be of no significance. The motions to abate and to transfer will be overruled.